UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OFFSHORE SPECIALTY FABRICATORS, LLC | CIVIL ACTION |
| VERSUS | NO: 16-15682 |
| LINDER OIL CO., ET AL. | SECTION: "A" (5) |

# ORDER

On May 5, 2017, Plaintiff Offshore Specialty Fabricators, LLC filed the instant motion for summary judgment, which was a reurging of a prior motion for summary judgment on its breach of contract claims against defendants Linder Oil Co., Linder Energy Co., and Louisiana General Oil Co. In short, in 2011 Plaintiff provided work and services to Linder Oil Co. pursuant to a contractual agreement and Linder has not, due to financial constraints, paid the full amount due. Plaintiff filed suit to obtain the amounts owed, plus interest, and attorney's fees. The Court has twice previously indicated in response to Plaintiff's attempts to obtain summary judgment that Defendants' arguments in opposition to summary judgment are not persuasive. (Rec. Docs. 16 & 31).[1]

On May 31, 2017, the Court declined to rule on the instant motion for summary

---

[1] For instance, in dismissing Plaintiff's first motion for summary judgment without prejudice, the Court stated: "[N]othing suggests that Plaintiff agreed to waive the contractual interest and attorney's fees to which it would otherwise be entitled when it agreed to a payment plan with Linder Oil, particularly if Linder Oil should default on the repayment plan. Novation of a contract is not to be presumed. La. Civ. Code art. 1880. Also, while Linder Energy and Louisiana General are merely the partners of Linder Oil, Plaintiff has in fact tried to obtain payment from the partnership but has not been successful in light of that party's precarious financial status. It would seem then that Plaintiff can validly look to the partners for payment." (Rec. Doc. 16 at 1 n.1).

judgment because Defendants argued once again that Plaintiff's motion was premature (because discovery is in its infancy) and that Defendants wanted to take additional discovery to oppose the motion; Plaintiff pointed out, however, that Defendants had not taken steps to conduct the discovery that they referred to when avoiding summary judgment the first time. The Court nonetheless sua sponte pushed the submission date back on Plaintiff's motion and stated: "Defendants must conduct whatever discovery they believe necessary to defeat summary judgment so that they can file a supplement to their opposition no later than **July 28, 2017**. In the absence of an appropriate supplement sufficient to create an issue of material fact Defendants should anticipate that the Court will grant the motion for summary judgment. The Court urges the parties to amicably resolve this matter." (Rec. Doc. 31 at 2).

To date, Defendants have provided no supplement to defeat summary judgment. The email chains that were previously submitted are insufficient to create an issue of fact as to a novation of the parties' original contract.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 24)** filed by Plaintiff Offshore Specialty Fabricators, LLC is **GRANTED**. Within **seven (7) days** of entry of this Order Plaintiff shall prepare an appropriate judgment and move for entry of that judgment.

August 28, 2017

						_____
						JAY C. ZAINEY
						UNITED STATES DISTRICT JUDGE